THE EAST ST. LOUIS PACKING AND PROVISION COMPANY

v.

AMOS HIGHTOWER.

RELEASE—FRAUD.—Appellee claiming that the release of all claim for damages was obtained from him by fraud, the burden was upon him to prove the fraud by a fair balance of testimony. This court is of opinion that the evidence clearly shows the release to have been given without any fraud or misrepresentation.

APPEAL from the City Court of East St. Louis; the Hon. CHAS. T. WARE, Judge, presiding. Opinion filed October 6, 1881.

Mr. FRANK B. BOWMAN, for appellant.

Mr. G. D. GREEN and Mr. M. MILLARD, for appellees; as to when a release will avail, cited Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; Eagle Packet Co. v. Defries, 94 Ill. 598.

The receipt was not properly pleaded., Matter arising after issue joined should be pleaded *puis darrein continuance:* 1 Chitty's Pl. 658.

The cause of action is admitted by the pleading, and the question was whether the settlement was a discharge of the action: Wallace v. McConnell, 13 Pet. 152; Kimball v. Hun-

tington, 10 Wend. 675; Culen v. Barrey, 14 Wend. 161; Scott v. Brokaw, 6 Blackf. 241.

CASEY, P. J.  This was an action on the case by appellee against appellant, in the city court of East St. Louis.  The cause was heard in said city court, resulting in a verdict for appellee.  An appeal to the Supreme Court was prayed and allowed, where the judgment of the court below was reversed and the cause remanded.  Before another trial was had in the lower court, appellee executed and delivered to appellant a release of all damages, because of the injury for which he had brought suit.  On the second trial of the cause, appellee filed a plea of release, setting up the release, which is as follows:
"$100.00.            EAST ST. LOUIS, Ill., March 9th, 1881.

"Received of the East St. Louis Packing and Provision Company one- hundred dollars, in full payment of any and all claims that have been made by me against said company for damages received by me in consequence of a pipe striking my shoulder, for which I commenced a suit at law against said company for damages, and which I now agree to dismiss, said suit having been for some time in progress.

"(Signed)      AMOS + HIGHTOWER.
"Witness:
"E. S. BIDDEN,
"W. B. MENZIE."

To this plea appellee replied that the release was obtained by fraud, covin and deception.  On this replication issue was joined, a trial had, resulting in a verdict for appellee for the sum of $200.

The court below overruled a motion for a new trial, and rendered a judgment on the verdict.  Exceptions were duly entered, and the case is brought to this court by appeal.  The only question that it is important to discuss is, was the release obtained by fraud, deception and covin.  Appellee (plaintiff below) testified that the defendant sent for him; that when he got to defendant's office, Bidden said that the $100 he got was for charity.  They sent a colored man after me.  They made me believe in the office that my case had been thrown out at

Mt. Vernon; that the case could not be tried again, and that they must not pay me one cent, and that this was what induced me to take the $100.

Appellee (plaintiff below) to further sustain his position, called E. S. Bidden, who stated, that after the release was executed and after appellee had received the check for one hundred dollars—he (the witness) stated to appellee that he considered the $100 as a mere charity; that the case had been reversed and .remanded by the Supreme Court.   Mr. Quirk was also called by appellee to sustain his position.   He having been sworn, stated that he was the president of defendant (appellant).   That appellee came to his office and stated that he had come to settle his claim against the company; and that he would take what· Mr. Richardson had once offered to settle the matter.   That was $100; that witness as president of appellant agreed to give that amount, and that thereupon the release was prepared; that the release was read to appellee and appellee was advised not to sign it unless he was entirely satisfied with the settlement.   That appellee stated that he was satisfied and signed the release; that appellee was not sent for but came to the office of his own motion.   W. B. Munzie was called by appellant and testified that he paid the said sum of $100 to appellee; that appellee seemed well satisfied with the settlement.   That there was present at the time Mr. Quirk the president and Mr. Bidden, the book-keeper of the defendant and witness.   That appellee stated to Mr. Quirk, that he had come to settle the suit he had against the company.   That he would take what Mr. Richardson had offered him some time ago, which was as he stated, $100.   That Quirk agreed to give him that sum and directed the release to be prepared. After it was written it was read over and explained to appellee and he signed it; Mr. Quirk then gave him a check on the bank for $100, and appellee received the money on the check. This· was all the testimony on that subject.

It must at once strike the mind of any unprejudiced person, that this release was fairly and honestly obtained.   Besides, as the pleadings stand in this case, it is appellee who is charging that the release was obtained by fraud.   The *onus* was upon

him to maintain that averment by a preponderance of the evidence. There can be no doubt but what these parties met, and without any fraud, deception or misrepresentation, fairly settled the differences between them. The evidence to that effect is convincing, and will not admit of any other conclusion. We therefore hold that the court erred in not allowing the motion for a new trial. The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.