## R. W. Coates v. A. H. Miller.

1. BURDEN OF PROOF—*Of Debts Claimed to Be Not Bona Fide.*— When a party litigant contends that the indebtedness which a chattel mortgage is given to secure, is not a *bona fide* debt, the burden is upon him to prove it.

Replevin.—Appeal from the County Court of Moultrie County; the Hon. JOHN D. PURVIS, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

E. J. MILLER, attorney for appellant.

WHITAKER & THOMPSON, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in replevin by appellee against appellant for certain chattel property, and the trial resulted adversely to appellant, who brings this appeal.

W. R. Hill was tenant on lands of appellant, to whom the latter advanced money, and he was also indebted for rent, and gave to appellant a chattel mortgage to secure a note for $500, which mortgage was filed for record at 5 o'clock P. M., on the day it was executed. Hill gave to appellee also a chattel mortgage on the same property, and on the same day, to secure a note for $1,950, which was filed for record at 4:30 o'clock P. M. of the same day. After this, appellant, finding the previous mortgage upon record, took possession of the property, whereupon appellee brought

this suit and recovered against appellant, and to reverse the judgment the latter prosecutes this appeal.

It was contended on the trial, and this contention is renewed in this court, that the debt of Hill to the appellee was not *bona fide*. The burden of proof was upon appellant to prove this. This we think he failed to do, and besides this the appellee testified to the consideration of the note, and if he stated it truthfully, and in this he is not successfully contradicted, all of the note was due but about $75, a balance of $500 he had agreed to advance in cash. While it may seem unusual for a man in the circumstances of Hill to be so much indebted to one person, still this circumstance is not sufficient to justify the inference of fraud against the positive testimony of appellee.

Complaint is made of the rejection of evidence, and of the instructions of the court to the jury, but we find no prejudicial errors in those respects. There is no force in the point that without the assessment of damages no judgment for costs could be given against appellant. It was sufficient for this purpose that the issues were found against him, and that final judgment upon such verdict was entered against him.

Finding no error in the record and proceeding of the County Court its judgment will be affirmed.