## St. Louis and Belleville Electric Railway Company v. Anthony Erlinger.

1. FELLOW-SERVANTS—*when question of, cannot be raised.* The question of fellow-servants cannot be raised by the defendant in an action on the case for personal injuries for the first time upon appeal.

2. RELEASE—*burden of proof to overcome effect of.* The burden of

St. Louis & Belleville Electric Ry. Co. v. Erlinger. .

proof is upon the plaintiff to establish that a release set up by the defendant as a defense to an action for personal injuries, was, as set up in his replication, without valuable consideration and procured by fraud.

3. INSTRUCTION—*must not ignore theories of recovery.* An instruction asked by the defendant is properly refused where, if followed, it would cause the jury to ignore theories of recovery contained in other counts of the declaration upon which the trial was had.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. WILLIAM P. EARLY, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

M. W. SCHAEFER, for appellant.

WEBB & WEBB and DILL & WILDERMAN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee against appellant, to recover damages for personal injuries alleged to have been received by him, while riding on an electric car on appellant's railway.

The declaration, filed August 19, 1901, charged that appellee on a day named was in the employ of appellant, engaged in the repair of its railway tracks; that after he had completed his day's labor, he was received as a passenger by appellant on one of its cars to be carried to his home; that appellant's servants in charge of said car, so carelessly and negligently managed and drove the same, as to allow and cause it to collide with another electric car, then and there standing upon the track with the knowledge of appellant, whereby appellee was injured. Afterwards, on October 21, 1901, appellee filed his amended declaration of four counts, one of which, in effect, restated the cause of action set forth in the original declaration, and the others alleged the cause of injury to have been the negligence of appellant in leaving a certain passenger car, used as a repair car, upon its railway track, without notifying appellant's employees in charge of the car upon which appellee was riding.

A demurrer was sustained to the second count of the amended declaration, which had in substance restated the

508    Appellate Courts of Illinois.

Vol. 112.] St. Louis & Belleville Electric Ry. Co. v. Erlinger.

original cause of action. Appellant filed the general issue and also special pleas, setting up the Statute of Limitations and a release. On September 19, 1902, the court sustained a demurrer to the plea of the Statute of Limitations. Appellee afterwards filed another amended count to his declaration, which again set up in substance the cause of action stated in the original declaration, to which appellant also filed the general issue and special pleas of release and the Statute of Limitations. A demurrer was again sustained to the plea of the Statute of Limitations. Replications were filed to the plea of release, alleging that the supposed release was made without any good or valuable consideration; that at the time of making the same, appellee was under disability, unconscious and incapacitated to act and contract in relation thereto and suffering as a result of the alleged negligence of defendant; that the supposed release was not knowingly and intentionally made and entered into by him, and was not his act. A trial was had which resulted in a verdict against appellant for $1,000, for which amount judgment was entered.

There appears to be little controversy concerning the facts leading up to the accident. Appellee was working as a section hand upon appellant's tracks. He received for his services $1.50 per day in cash and was also given a badge which entitled him to ride to and from his employment, without charge, on appellant's cars. On September 30, 1899, at 6 o'clock in the evening, appellee, having finished his work for the day, entered a car of appellant to return home. After going some distance, the car in which he was riding collided with a large passenger car, which was being used by a crew of appellant's employees in repairing the over-head trolley wires. Appellee was thrown down and against the seat and claims to have sustained severe injuries. Four days after the accident two of appellant's employees obtained the signatures of appellee and his wife to a written instrument, in which they stated that they attributed no blame to appellant or the motorman "for the accident" and released the company from all damages. Appellee

claimed that he had no recollection of signing the release and could not remember that the parties who obtained the paper had visited him at all.

Appellant insists that the judgment in this case must be reversed, because the proofs show that appellee and the servants of appellant, who were guilty of the negligence which caused the injury, were fellow-servants, and also because the court erred in giving certain instructions on behalf of appellee and refusing certain others offered by appellant. The claim that appellee was a fellow-servant with appellant's employees, whose negligence was responsible for the collision, does not appear from the record to have been made in the court below; no instruction was given or asked for upon this subject, and the question cannot be raised for the first time in this court.   I. C. R. R. Co. v. Leiner, 202 Ill. 624; Snyder v. Nelson, 101 Ill. App. 619.

We are of opinion, however, that this case must be reversed for error in connection with the instructions.   Instruction No. 3, given for appellee, told the jury that before appellant could be benefited by the paper called a release in this suit, it must show by a preponderance of the evidence, that said paper was obtained for a valuable consideration, and that the mind of appellee at the time the paper was signed, was such that he knew and understood what he was doing.   The paper claimed to be a release was under seal and there was nothing in the instrument itself to show that it was not honestly obtained.   Appellee having alleged by his replications, that the claimed release was made without a good and valuable consideration, and that it was in effect procured by fraud, the burden of proof was upon him to show the truth of such allegations.   East St. Louis Packing and Provision Co. v. Hightower, 9 Ill. App. 297; Coats v. Miller, 99 Ill. App. 227.

Appellant further insists that the court erred in refusing the last six instructions offered by it.   These instructions all told the jury in substance that if they believed from the evidence, appellant was guilty of no negligence in the management and control of the car on which appellee was rid-

ing, there could be no recovery in this case, under the declaration; that under such circumstances, it was wholly immaterial whether the men in charge of the work car were guilty of negligence in failing to flag the passenger car or not. These instructions were based upon the supposition that the trial was had only upon the second amended declaration. A careful examination of the record fails to disclose that the first, third and fourth counts of the amended declaration were ever withdrawn, but it does appear therefrom, that on September 19, 1901, the demurrer filed by appellee to the plea of the Statute of Limitations was sustained by the court, and not overruled as stated by appellant in his brief. The trial must, therefore, have been had upon the first, third and fourth counts of the amended declaration, as well as upon the amended count afterwards filed, called by appellant the second amended declaration. The instructions of appellant, above referred to, were therefore properly refused by the court.

For error in giving the third instruction for appellee, however, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*