# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE PIONEER COOPERAGE COMPANY

*v.*

ANTON ROMANOWICZ.

*Opinion filed June 21, 1900.*

1. EVIDENCE—*what sufficient to connect former condition of machine with condition at the time of injury.* Testimony that the witness had worked with the machine which caused plaintiff's injury, for about half a year prior to the accident; that he saw the machine working the day of the accident, and that it was working in the same way it was on the last day he had worked with it, is sufficient to connect the former condition of the machine with its condition at the time of the injury.

2. SAME—*effect of absence of positive evidence that machine was defective.* Evidence that the machine which caused the plaintiff's injury had been in a defective condition up to a day or so before the accident warrants the jury in finding that such condition existed at the time of the injury, in the absence of any proof of repairs or of any fact or circumstance from which it might be presumed that the defect had been remedied.

3. RELEASE—*when effect of release of damages is for the jury.* The effect of a release of damages is a question of fact for the jury, under proper instructions, where it is shown that neither the plain-

tiff nor his friend who witnessed the signatures could read the release, and that the defendant's foreman represented the release to be a paper authorizing the defendant to furnish medical attendance to the plaintiff.

4. SAME—*when release of damages may be regarded as inoperative.* A release of damages may be regarded as not fairly obtained, and hence as inoperative, where the party executing the release is unable to read it and it is not read to him, but is represented to him, by the party claiming the benefit, as being for another purpose.

*Pioneer Cooperage Co.* v. *Romanowicz*, 85 Ill. App. 407, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

O. W. DYNES, for appellant.

GEORGE W. SHINN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee recovered a judgment for $3000 against appellant for injuries to his left hand, received while employed in the barrel works of the appellant, this appeal being prosecuted from an affirmance of that judgment by the Appellate Court.

Plaintiff's declaration consisted of two counts, charging that a barrel press on which he had been at work only a day and a half before the injury, was out of repair, so that it would not respond to a foot lever by which it was directed. The evidence tended to prove that when other employees of the appellant had worked on the machine at different times before the accident, extending over a period of eight years before up to two days before the accident, it was out of repair; that after it was attempted to stop the descending press it would still continue to move up and down; that the foreman of the company had been notified by these other witnesses at different times during this period, and that repairs had

been made upon it, but that the machine worked the same after the attempted repairs as before. It appears that at the time plaintiff was injured he was attempting to remove a barrel from the machine, and in endeavoring to do so put his hand on the top of the barrel, when if his hand had been on the side of the barrel the descending press would not have caught it. It appears further that the machine, at the time of the injury, was capable of turning out from five to six hundred barrels a day, and that plaintiff had turned out that many the day before he was hurt. Seventeen days after the accident occurred the plaintiff signed a paper in the presence of the foreman of the company and one Frank Domanske, who was a friend of the plaintiff, reciting that the injury was received through his own carelessness and through no fault of the defendant, and "in consideration that the company pay my doctor's bill I relinquish all further claim upon said company."

Appellant contends that the court erred in admitting, over its objection, evidence of the defective condition of the machine for a number of years prior to the accident. This was admitted by the court on a promise by plaintiff to connect it with its condition at the time of the accident, and, presumably, to show notice to the defendant of its condition. As before stated, the evidence showed that on former occasions of notice to the appellant of the machine being out of repair it caused the same to be repaired, but that the effect of these repairs was not to correct this failure of the machine to stop moving in response to the lever or treadle. One Jakubowski testified to the effect that he had worked on the machine about half a year prior to the accident, and that during the time he worked on the machine its condition was the same as on the day the plaintiff was hurt. He was thereupon asked by the court: "How do you know better than I do, who never saw it, what was the condition of the machine when Romanowicz worked on it?" He answered:

"There were other machines there and the other machines worked all right. At the time of the accident I was about ten feet away from Romanowicz, working on another machine of the same construction, but smaller. I saw the machine working when Romanowicz was there. The working of the machine the day I saw Romanowicz working on it was the same as the last day I worked on it." This evidence was sufficient to connect the former condition of the machine with its condition at the time of the injury, and there was no error committed by the trial court in refusing to strike out the evidence of other witnesses on that ground. One other witness, Smismiskon, testified that the machine was defective, for the reason above described, three or four days to a week before the accident. At that time he was working at the machine. It is true that Jakubowski, on cross-examination, stated that he did not see the machine fall at any time that the plaintiff was working on it, and counsel for appellant then asked him: "Then all you are testifying about in this case is about what the machine did when you worked upon it six months before; is not that so?" His answer was, "Yes." Thereupon counsel for appellant moved the court to exclude this testimony. This the court denied also on a promise to connect.

While there is no positive evidence, therefore, as to whether the machine was defective on the day the injury was sustained, and while the plaintiff does not know how or why he was injured, nor where he had his hand when the accident occurred, nor whether his foot was on the pedal or not, still we cannot agree with the appellant's contention that there was no evidence on which the jury could find a verdict that the machine was out of repair at the time of the accident. The proof was ample as to its defective condition up to a day or so before the accident, and with no proof offered by the defendant that it had repaired the machine, or of any fact or circumstance by which it might be presumed that the defect had been

remedied in some way, the jury were warranted in their finding. The allegation in the declaration was that the plaintiff had no notice of the defect, and this is proved by the evidence, the evidence being that he was called away from another portion of the factory by the foreman and set to work upon the machine in question a day and a half before the accident, with not a word of instruction, or notice as to any defect in the mechanism or working of the machine, and was left to find out for himself how it should be operated.

Defendant offered no evidence whatever except the alleged release, and the trial court was fully warranted in refusing the instruction to find for the defendant. The proof as to the manner of executing the alleged release was to the effect that neither the plaintiff nor his friend who was with him and who witnessed the signatures could read English; that the foreman represented to them that it was only an agreement or authority for the defendant to furnish a physician, of the attendance of whom the plaintiff was in urgent need. The effect of this release, under the circumstances under which it was executed, was a question of fact to be determined by the jury under proper instructions. *Pawnee Coal Co.* v. *Royce,* 184 Ill. 402, and authorities there cited.

Complaint is made of the refusal of certain instructions requested to be given on behalf of appellant with reference to the release, but it is sufficient to say that a careful reading of them will show they all omitted some vital element under the rule laid down in the *Royce case, supra,* and authorities there referred to, and were properly refused.

An instruction was requested to be given by which the jury were told that any deception practiced by Domanske, as the agent of the plaintiff, in misleading him or failing to properly explain the contents of the release, is the negligence of the plaintiff himself and affords no ground for impeaching its validity. The proof was that

Domanske could not read the receipt; that it was read to both of them by the agent of the defendant, and they both testify that it was an instrument to procure the attendance of a physician and for that reason was executed by the plaintiff. The instruction had no evidence to support it, and there was no error in its refusal.

Appellant complains of the giving of the two following instructions for the plaintiff:

"The jury are instructed that if you believe, from the evidence, that the release in this case was procured from the plaintiff by the defendant, or by any one for it, and that at the time the plaintiff signed the said paper he believed from what was told him before signing it that it was for the purpose of securing the services of a physician, and that the parties who induced him to sign said paper led the plaintiff to believe that he was only signing a paper for the purpose of securing the services of a physician, and that the plaintiff did so believe, you are instructed that a release so procured would not be binding upon the plaintiff and should not be considered by you in arriving at your verdict."

"You are instructed that it is for the jury to determine, from all the evidence and circumstances in the case, whether the plaintiff understood the contents of the release at the time he signed it, and whether he intended to release and understood that he was releasing his claim and right of action against the defendant in consideration of the defendant furnishing him with a doctor; and unless you so find you are instructed that it would not release the defendant from liability, if you further find, from the evidence, that the defendant is liable, and such release should be disregarded by you in arriving at your verdict."

These two instructions, taken together, are supported by the evidence, and while they might have been given in better form are within the rule announced in *National Syrup Co.* v. *Carlson,* 47 Ill. App. 178, which case is reported

in this court in 155 Ill. 210. In that case the Appellate Court said that a release may be regarded as not fairly obtained, and hence as inoperative, where it is taken from one unable to read the language and is not read over to him, and he is made to believe that it is a paper for some other purpose.

Complaint is made that the court permitted a witness to state, over objection, that the plaintiff "did not understand the work or the machine—that is why he was hurt." There was no allegation in the declaration as to the plaintiff being unfamiliar with the work, or that he was improperly instructed, but it is clear the court permitted the answer to stand as going more to the lack of knowledge on his part of the defective condition of the machine than of how his work should have been performed.

We find no sufficient ground for a reversal of the judgment, and the judgment of the Appellate Court for the First District is affirmed. *Judgment affirmed.*