The Indiana, Decatur and Western Railway Co.

*v.*

Solomon Fowler.

*Opinion filed February 18, 1903.*

1. Release—*release obtained by fraud is void and consideration need not be returned.* A release of damages for personal injury is void if obtained by fraud and circumvention, and it is not necessary that the consideration be returned before a suit for damages for such injury is brought.

2. Same—*whether release was obtained by fraud is a question of fact.* Whether a release of damages was obtained by fraud, and whether the party knew he was releasing his right of action for damages for his injury, are questions of fact, which are conclusively settled by the verdict of the jury and judgment of the Appellate Court.

*I., D. & W. Ry. Co.* v. *Fowler,* 103 Ill. App. 565, affirmed.

Appeal from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jasper county; the Hon. S. L. Dwight, Judge, presiding.

George W. Fithian, (R. D. Marshall, of counsel,) for appellant.

Shamhart & Williams, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Jasper county in favor of appellee for $1000, recovered for a personal injury.

On July 16, 1900, the appellee, Solomon Fowler, was a passenger on the train of the appellant going from Willow Hill to Ste. Marie. During the journey a bridge gave way, wrecking the train, and appellee was injured. Nine days later, while appellee was still suffering on account of the injuries received, the superintendent and an attorney of the appellant, together with the physician attending appellee, called at his home and secured his mark as a signature to a paper purporting to be a release of all claims for damages for the personal injuries received on account of the wreck, with a receipt for $35 subjoined. Appellee claims that he did not know what he was signing and that the release was secured by fraud and circumvention. He brought this suit for damages, and on the trial the appellant company admitted everything charged in the declaration except as to the extent of his injuries, and relied on the release as a complete bar to a recovery. The case was tried twice, each time resulting in a verdict for appellee.

At the instance of appellant the following special interrogatory was submitted to the jury: "Was the receipt offered in evidence by the defendant obtained by the defendant from the plaintiff by fraud and circumvention?" The jury answered, "Yes." The question whether the release was executed by appellee with full knowledge of its purport and under circumstances that would bind him was one of fact, and has been settled by the jury and

the judgment of the Appellate Court adversely to appellant. (*National Syrup Co.* v. *Carlson,* 155 Ill. 210; *Illinois Central Railroad Co.* v. *Welch,* 52 id. 183.) The court properly refused the instruction asked to find for defendant, as there was sufficient evidence before the jury to sustain a verdict for the plaintiff.

Counsel for appellant contend that appellee should have offered to return the amount paid him by appellant before bringing this suit. In *Chicago, Rock Island and Pacific Railway Co.* v. *Lewis,* 109 Ill. 120, it was held that an instrument absolutely void need not be rescinded to remove it out of the way of the assertion of a right. If the release was obtained by fraud it was absolutely void. It never had any binding force, and there was nothing to rescind. *Pawnee Coal Co.* v. *Royce,* 184 Ill. 402.

Counsel offer some criticism on the instructions given for the appellee, but they are in accord with the law. Whether the release was fairly obtained, and whether appellee knew and understood the contents of the release when it was executed, and whether he knew and understood that he was releasing his right of action against appellant, were all proper questions for the jury, and the instructions given are like those approved in other cases. *Pioneer Cooperage Co.* v. *Romanowicz,* 186 Ill. 9.

Appellant complains of the refusal of the court to give an instruction telling the jury that if they believed that it was on account of appellee's own negligence or lack of diligence that he did not understand the purport and effect of the release he could not now be heard to complain that he signed it without understanding it. There was no evidence on which to base this instruction. Appellee and his wife were illiterate, and there were no other persons present than those in the interest of appellant, and he had to rely on their representations. The instruction was properly refused.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*